EARL AND LELA WORTHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wortham v. Commissioner
Docket No. 8302-91
United States Tax Court
T.C. Memo 1994-324; 1994 Tax Ct. Memo LEXIS 332; 68 T.C.M. (CCH) 100; July 18, 1994, Filed *332 Decision will be entered under rule 155. Earl and Lela Wortham, pro se. For respondent: William L. Blodgett. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 7,711 and $ 6,952 in petitioners' Federal income taxes for 1985 and 1986, respectively. Respondent also determined additions to tax for fraud under section 6653(b) and for substantial understatement under section 6661. In the alternative, respondent determined that petitioners were liable for additions to tax under section 6653(a) for negligence for each year. Prior to trial, respondent conceded that petitioners were not liable for the additions to tax for fraud. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are whether petitioners had unreported income, whether petitioners are entitled to additional deductions for automobile expenses, and whether petitioners are liable for additions to tax for negligence and substantial understatement of tax. FINDINGS OF FACT Some of the *333 facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners were residents of Maryland at the time they filed their petition. Petitioners filed joint Federal income tax returns for the years in issue. During 1985 and 1986, Earl Wortham (petitioner) was a self-employed insurance agent doing business as Citation Insurance Agency and a self-employed real estate agent doing business as Superior Realty Company. Petitioner rented office space in Temple Hills, Maryland, for the purpose of conducting the insurance and real estate businesses. Petitioner received rent from one or more real estate agents for the use of office space and services. During 1985, petitioner maintained a checking account for the insurance agency and deposited not less than $ 141,209 into that account. Petitioner also maintained a separate checking account for the real estate company. A total of $ 3,165 was deposited into the account for the real estate business during 4 months of 1985. Petitioner failed to maintain records of deposits into the business bank accounts during 1985 and 1986 and failed to maintain records of automobile expenses and other *334 expenses incurred in his businesses. During audit, respondent accounted for all identifiable nonincome items deposited into the bank accounts and made reasonable allowances for petitioner's automobile expenses. Petitioner stated to the examining agent that he received $ 300 per month from each of two different real estate agents during 1985 and 1986. Petitioners have conceded that in 1985 they had unreported interest income, overstated their interest deductions, overstated their wage expense deduction, and overstated their reduction from gross receipts for unearned commissions. Petitioners also understated their commission expense deduction in that year. OPINION Because respondent conceded the additions to tax for fraud determined in the statutory notice, petitioners have the burden of proof on all remaining issues in this case. Rule 142(a); . Although petitioner admitted that he rented space to real estate agents during the years in issue, he did not report any income from that source on his tax returns. Petitioner contended during trial that the unexplained bank deposits into his account represented cash *335 advances charged to his credit cards during the years in issue. Petitioner, however, presented no documentary evidence or other corroboration of his testimony. Although he could not identify any specific incidents of cash advances on his credit cards, he denied vehemently that there was any unreported income. Bank deposits are prima facie evidence of income, and petitioner has the burden of proving that unexplained bank deposits are not income. . See , affg. . Our observation, which respondent does not dispute, is that petitioner appeared to be a credible witness. This general observation does not require that we accept his assertion that none of the unexplained bank deposits represent taxable income. He did not adequately explain his failure to report the rental income that he admitted receiving. He expressed a vague recollection that he had treated it as sales income, but the amounts of reported income were not sufficient to include the rental income as well as *336 other income. Petitioner's testimony demonstrated, at a minimum, that his memory was not infallible. Under the circumstances, we believe that some reduction of respondent's adjustment is appropriate for cash advances obtained using petitioner's credit cards. In making our estimation, however, we must weigh heavily against petitioner, because the inexactitude is of his own making. . Using our best judgment on the entire record, we conclude that petitioner deposited $ 5,000 per year of nonincome items into the bank accounts used in respondent's analysis, in addition to those nonincome items already identified by respondent. In reaching this conclusion, we have considered the nature of petitioner's income-producing activities, petitioner's financial situation during the years in issue, and the absence of indicia that petitioner had unreported income at the level determined by respondent. Petitioner has not proven that he is entitled to any deductions beyond those allowed by respondent. (Petitioner apparently was unaware at trial of the amounts that respondent in fact had allowed for automobile expenses.) *337 Petitioner's failure to maintain adequate records and his failure to report taxable interest and rental income justify the additions to tax for negligence. He has not presented any evidence that would satisfy his burden of proving that he is not liable for the additions to tax. See . Section 6661 provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. For this purpose, there is a substantial understatement of income tax if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Provisions for avoidance or reduction of that addition to tax do not apply in this case. If the recomputation of petitioners' liability results in amounts satisfying the statutory criteria of section 6661, petitioners will also be liable for the additions to tax under that section. In order to take account of concessions by the parties, Decision will be entered under Rule 155.